Turning Ok UGH Next case is number 053321 Michael B. Duggan against Department of the Interior Mr. Friedman This is a case where the facts are undisputed. The issue is law. The appellant in this case was an individual who applied for a law enforcement position with the Park Service. That is undisputed. He was rated as qualified. That is undisputed. He was a preference eligible, meaning that he was an individual who had previously served in the military and as such, because of the way that he had applied for the position, and that was through the Office of Personnel Management, his name was on a register. And if the selecting of the authorities chose not to select him as a highly qualified candidate, there is a pass over process and there is a need to justify the reason why he would not be selected. It is undisputed that the appellant in this case was not selected for the position. Could I just ask one question? You said that the facts were undisputed. There is no contest on the facts. Does that also include the fact that a person that was applying for this kind of job only gets one chance to complete the training? It's like being told you only get to take a bar exam once. If you flunk it, you don't get to come back to do it again. Well, that I had not seen as a qualifying factor. I did not see that anywhere. I'm looking at record page 21. The position requires you to obtain a level one law enforcement commission contingent on successful completion of the park ranger integrated training program. You will be given one opportunity to complete this training. If you don't satisfy this qualification, you become ineligible. I just reason why I asked was I had understood that he had sought to satisfy this law enforcement training center obligation and had failed to do so. Correct me if I'm wrong in the record. The record says what you have said, but this is prospective. It is not retrospective. This does not say that if an individual previously failed to complete law enforcement training, that that individual would be precluded from applying for a position. You're saying that there's no discretion here in the agency. Obviously, they exercised discretion by asking that he be removed from the register of eligibles. There certainly is discretion, and the issue in this case is whether the individual was deemed to be unsuitable for the position as opposed to being found not qualified for the position. The agency's own documents of the human resources specialist indicated that the appellant was passed over because of suitability determinations. The lady used the word, I can't remember her name, Erin Nangle, used the word suitability, that you're not suitable. As I read the board's decision when the board took the case up after the AJ had it in and, in essence, clarified the grounds, I read the board to say is the fact that an agency might use the word suitability isn't dispositive of whether it was a suitability. That is correct. And I, as I understood what the board had written and what the government wrote in its brief, and I didn't see you to read the board's decision, I read the board's decision. And I think the reason you countered that in your library was to say that the regulations looking for suitability purposes for misconduct, misconduct or negligence in employment, criminal or dishonest conduct, false statements, alcohol abuse, narcotic abuse, this sort of thing, those are the things that the agency would, if they're going to find you unsuitable, would say you had flunked one of those tests. Correct. But I didn't understand there to be any of those forms of conduct challenges to your client. Correct. Yes. Yes. Everything that you have said is correct. There was never an administrative hearing in this case. And if there were not a suitability determination, then the determination would have to have been made that he was unqualified because of his lack of skill, his lack of education, or his lack of experience. There is a big issue as to whether this is a semantic concept or an issue of fundamental concept of what constitutes a suitability determination versus what constitutes a qualification. There are qualifications for the position. There are educational qualifications. There are experience qualifications. Disqualification factors are not, they are unique to the individual. There is a very small universe of qualification factors. Isn't one of them, though, that you have to successfully complete the training to get the appointment? The thing that I was talking to you about earlier? Yes. That you said was prospective, not retrospective. At what stage in the game does that one test-only regulation become effective? I mean, let's assume I apply for the job, and I say, I'd really like to have this job. And they cite this P-22 IND regulation at page 21 to me, and they say, you have to get a level one commission, you have to complete this training. So I say, well, fine. Where do I go for training? And they send me to the training center, but I don't complete. I don't get the appointment. A month later, I apply for another appointment that also requires the same training. What happens then? Am I qualified or not? What happens then is you would probably have a determination from the agency that you lack the requisite skills. But what if you failed to complete the qualifications by Hairspray? And that occurred two and a half years earlier. And in the intervening time, you happen to have been in law enforcement in a state agency or a local agency and have developed additional skills. I suppose it depends on whether the one test only is what the agency means. For example, in most states, I think, let you take the bar exam two times or three times and then no more. You're finished. No matter how many courses you've taken in law school or no matter how smart you got after you failed a third time. But this is a disqualification standard. This is not a qualification standard. He was not re-ejected because he failed to qualify. But it doesn't matter. They take him off the list, and so he doesn't get considered. Or they leave him on the list, and they say, we're not going to take you. We're going to make our discretionary choice because you failed the training course. Why? So the result is the same. The result is the same, but from a conceptual standpoint, the result is obtained by making a determination that the individual is unsuitable based on his conduct. The conduct being that he unsuccessfully completed a training course. So they leave him on the list because he's of good character. Then they look and see that he failed the training course, and he's subject to non-selection, which is non-appealable. So he couldn't even be here to say, I should have been selected if it went through that route. The qualification standards are set forth in the vacancy announcement. This is a disqualification factor. Disqualifications are unique to an individual, and it deals with an individual's past conduct. This is not one where the agency has told the applicant, you lack skills. You lack education. You lack experience. The agency can point to nothing which would establish that he could not be qualified for the position. There's absolutely no evidence in the record of that. The actual determination made by the agency was based on this particular individual not having completed the law enforcement training two and a half years ago. What if it were five years ago? What if it were ten years ago? What about the applicants who had applied for the position who didn't have law enforcement training? Are they more skilled? Do they have greater education? Do they have more experience? This was a determination. The disqualification of the applicant was based on a suitability determination, not on a qualification standard, but on a disqualification standard. And from a conceptual point of view, disqualification standard is a decision made on suitability, not on qualifications. What if he were the most qualified law enforcement person in the world? He had advanced education, and he had demonstrated experience working for a host of other federal law enforcement. You mean in the time period after having first failed as an elite? Yes. I think that probably goes to the question of how many times you get to take the bar exam. And I would think the licensing authority gets to choose how many times you get to take an entrance exam. There is no question about it, but the determination that he was disqualified is a suitability determination because it relates to him in particular. Can I just ask one question on that point? Is this a factual matter we are reviewing or is it a legal issue? The reason why I ask is it affects our standard of review. The board, in its full board decision, having run the analysis through the regulation and what not, said this determination that Ms. Cantler made for the agency, although she used the word suitability, was not a suitability. They said it was qualifications. Was that a factual decision by the board? Yes. I'm not certain you want to say that because if it was a factual decision, then our standard of review is quite unfavorable to you. Because it's a question of whether there was substantial evidence to support that decision. I'm not certain in my own mind whether it's a legal distinction or a factual distinction. The board made a factual distinction without according the appellant an opportunity to have a hearing. And that being the case, all facts must be construed in favor of the appellant and all inferences favorable to the appellant must be drawn in favor of the appellant. So the board made assumptions and drew inferences favorable to the agency without the appellant having his day in court. Well, but you started by saying there weren't really any facts in dispute. And so were there no facts in dispute, I'm not certain that the board isn't authorized to decide whether a prima facie case has been made sufficient to gain you a hearing on the suitability issue. Well, let's hear from the other side on this point. We don't have much time left for rebuttal. Ms. Arnfield. Thank you, Your Honor. May it please the court. The single issue in this case is whether the- Can you speak up a little bit, please? Yes. The single issue in this case is whether the MSPB's decision finding that it lacked jurisdiction over Mr. Dugan's appeal was supported by substantial evidence. Mr. Dugan brought his claim after not being selected for a park ranger position. But what about this point that if, in fact, there were ultimate facts that were found by the board without the opportunity for the petitioner to provide evidence to rebut them, that really isn't given the deferential review, is it, of a finding that's contested? Well, Your Honor, I believe this court has recognized that it's appropriate for the decision, the board's decision on whether it has jurisdiction based on whether or not there's been a suitability determination to be based on the papers. I don't have the jurisdiction. The question is was there suitability or- Yes, Your Honor. And I think in this court's decision, Dick versus Department of Veteran Affairs, it recognized that it was okay to have that decision made on the papers. And that's what the- Jurisdictional issues are reviewed as a matter of law, not as a matter of fact. I think the suitability determination, I think that issue may have involved some factual determinations, but this court has determined that the board may make those determinations based on the paper submissions of the parties. Are there any facts in dispute here? Your adversary started his argument by saying all that was at issue here was a question of law. There weren't any factual issues. I mean, in order to sustain the board's decision that this was not a suitability call, it was a qualification call, right? You have on the table that it's admitted that he did not complete the training first time around, right? Yes, Your Honor. It is also admitted by the record that there is no allegation here of any misconduct of the kind that is cited in the pertinent regulation. There's no drug abuse. There's no dishonesty. There's no criminal behavior. All those things, right? Yes, Your Honor. And so the question for the board was, what fact is there in the record that would support the notion that this was a suitability call as opposed to a qualification call? And it looked to me like the only fact in the record that would support that would be Ms. What's-Her-Name's memo where she said, use the magic word, suitability. Yes, Your Honor. Ms. Nangle. Yes, and Mr. Dugan has argued in part that his non-selection was based upon a suitability determination because the agency at one time filled out that form, a form indicating that, or objecting to Mr. Dugan's suitability on the basis that his background investigation had been adjudicated and his background had been found to be unsuitable for law enforcement. But the record does not reflect that that form was ever acted upon. It was, the record shows it was never forwarded to the proper office to act on it. And in addition, Well, doesn't the full board decision treat it as though that was agency action by her? I'm sorry, Your Honor. I thought, doesn't the full board decision in essence treat her recommendation as though that were agency action? I think the board actually decides that that suitability form doesn't matter because the reason that Mr. Dugan has stated that he was non-selected simply does not fit within the regulations having to deal with suitability. The regulations define suitability to concern an individual's character or conduct and not their skills or experience. The regulations specifically state that suitability determination shall be based on a set of eight factors and additional considerations contained therein. Those factors consist of criminal or dishonest conduct, material intentional false statement or fraud in examination or application, misconduct or negligence in employment, serious alcohol abuse or illegal drug use without rehabilitation, efforts to overthrow the government, refusal to furnish testimony required by regulation, and a statutory or regulatory bar upon employment of that individual in that position. So the specific basis for non-selection argued by Mr. Dugan clearly doesn't fit within either those specific categories or the general type of thing that the regulations are trying to address, misconduct or character. The board's decision says, we therefore find that the appellant's allegations, even if true, wouldn't establish that the agency made a constructive suitability determination because the agency's reason for not selecting was not of the sort fitted of a determination. What were the appellant's allegations, which even if true would not have established? What was the appellant alleging? The allegation is that he was not selected because he had failed to complete the Federal Law Enforcement Training Center training successfully in one try. That was undisputed, that he didn't complete. It's not an allegation to be treated as even if true. He agrees he didn't complete it. Yes, he agrees he didn't complete it. Then how does it fit into that even if true? Well, I think the court is saying, just assuming what he's saying is true, he hasn't stated a prima facie case because failure to complete that training is just not the kind of thing that the suitability regulations address. It's just not a suitability determination. Mr. Dugan has tried to argue that the agency's decision must have been based on suitability because it was not based upon a qualification for the position. This argument is also unavailing because the board, as the board recently found, the Federal Law Enforcement Training was actually a qualification. The fact that the training was not listed under the subheading qualification requirement on the vacancy announcement is not dispositive. The vacancy announcement listed the training as a preemployment condition and a major duty of the position. And the agency also advised the individuals to whom it made conditional offers that they would be given one opportunity to complete the training. And if they failed to complete it successfully in one opportunity, they would become ineligible for the position. So the agency plainly understood completion of the training in one try to be a qualification for the position. The other issue, the other argument that Mr. Dugan has made involves this suitability form that the agency at one time filled out. But as I've mentioned, the record reflects that that form was never acted on. And it also actually states a different reason for taking action than what Mr. Dugan has argued was the basis for the action here. The form states that the reason the agency wanted to pass him over for suitability or considered doing so was because his background investigation had been adjudicated and his background was found to be unsuitable for law enforcement. What does that mean? What aspect of his background was found unsuitable for employment? It doesn't go into more specifics than that, Your Honor. There's just a single statement about it. But just on its face, it doesn't appear to be the same reason that Mr. Dugan is stating, that he failed to complete the law enforcement training. Well, the background investigation could include reviewing a record to find out that he didn't complete the training, correct? That is possible, Your Honor. But I think that the agency would have known that before the background investigation. It's not something that was turned up by the background investigation. So, you know, we don't know that necessarily, but it seems like a good indication that that's another indication that the suitability form is totally unrelated to the agency's decision at issue here. And in any event, the court ultimately has to turn back to the suitability regulations, and it just cannot be said that the determination that the agency made here fit within those regulations. For all of these reasons and for those set forth in our papers. Correct me if I'm wrong. I don't understand there to have been, and Mr. Dugan can hear this on rebuttal. He can speak to it. I don't understand there to have ever been an allegation that he was denied the employment for any reason other than having failed to complete the test the first time around. Yes, Your Honor. I didn't understand that there was ever anything that dug up in a background investigation that he had engaged in any of the conduct enumerated in 731-202. Your Honor, Mr. Dugan, you're right that Mr. Dugan has stated very clearly only one reason he believes he was denied employment, and that was because of his failure to complete the training. And he's stated again today that there's no dispute about that. But he has referenced the suitability form that was filled out by Ms. Nangle, and I'm just pointing out that that has a potentially different reason listed on that form. If the Court has no further questions, I have nothing further. Thank you, Ms. Arnfield. Thank you. Mr. Friedman, I think you have half a minute. Thank you. I wanted to address something that Judge Pletka stated. The facts in this case are that there was no administrative hearing. There was no evidence whatsoever that the appellant lacked any skills, lacked any education, or lacked any experience which would show that he did not meet the qualification standards. He was qualified. There is an acknowledgment that he was qualified. He was qualified for the position. He met all of the criteria on the vacancy announcement. I think what the issue is is the concept of a disqualifying factor. Does that mean that it's a qualification standard or it's a suitability standard? And I'm arguing from a conceptual standpoint, even though it is a disqualifying factor, it is based on the conduct of the individual. And we understand that from your briefs. Thank you, Mr. Friedman. Thank you. Thank you so much. Thank you both, and thank you, Ms. Arnfield. The case is taken under submission. Thank you.